UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00087-HBB

KAREN DIANA HENDRIX                                                                     PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Karen Hendrix, seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 22) have filed a Fact and Law Summary. For the reasons that follow, the undersigned orders that judgment be granted for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14). By Order entered August 20, 2018 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Hendrix filed an application for supplemental security income on December 27, 2011 (Tr. 186-191). Hendrix alleged that she became disabled on September 1, 2001 as a result of a back condition, neck condition, left knee condition, epilepsy, depression, anxiety, acid reflux, breathing problems, and osteoporosis (Tr. 87). Administrative Law Judge Brian Curley ("ALJ") conducted a video hearing on April 22, 2014 from Paducah, Kentucky. Hendrix appeared from Madisonville and was represented by Kyle Reeder. Also present and testifying was Lowell Lato, Ph.D. as an impartial vocational expert.

In a decision dated May 7, 2014, the ALJ Curley found Hendrix was not disabled (Tr. 14-23). On September 21, 2015 the Appeals Council denied Hendrix's request for review (Tr. 1-3). This Court reviewed the decision and remanded the case on July 22, 2016 (Tr. 979). The Appeals Council vacated the previous decision and a new hearing was held on October 23, 2017 before Administrative Law Judge Lisa R. Hall ("ALJ") (Tr. 923-953). On March 28, 2018, the ALJ again found Hendrix not disabled (Tr. 989-909). Hendrix timely filed suit.

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §416.920. At the first step, the ALJ found Hendrix has not engaged in substantial gainful activity since December 27, 2011, the application date (Tr. 900). At the second step, the ALJ determined that Hendrix's degenerative disc disease, degenerative joint disease, anxiety, and depression are "severe" impairments within the meaning of the regulations (Tr. 900). Notably, at the second step, the ALJ also determined that Hendrix's epilepsy, obstructive pulmonary disease, migraines, cellulitis, and obesity are "non-severe" impairments within the meaning of the

regulations (Tr. 901). At the third step, the ALJ concluded that Hendrix does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 902).

At the fourth step, the ALJ found Hendrix has the residual functional capacity to perform less than the full range of light work (Tr. 903). More specifically, the ALJ found that Hendrix can lift and carry or push/pull 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for at least 6 hours each in an 8 hour work day; occasionally reach overhead; should avoid concentrated exposure to temperature extremes, pulmonary irritants, vibration, and hazards such as unprotected heights or moving/dangerous machinery; she can perform simple, routine, repetitive work tasks; occasionally interact with co-workers and supervisors; she cannot maintain sustained interaction with the general public; she should not work in a fast paced or production based work environment, but can do entry level or goal oriented work. (Tr. 903). Relying on testimony from the vocational expert, the ALJ found that Hendrix has no past relevant work (Tr. 908).

The ALJ proceeded to the fifth step where she considered Hendrix's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 908). The ALJ found that Hendrix is capable of performing a significant number of jobs that exist in the national economy (Tr. 908). Therefore, the ALJ concluded that Hendrix has not been under a "disability," as defined in the Social Security Act, from December 27, 2011 through the date of the decision (Tr. 909).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

The administrative record does not indicate whether Hendrix requested a review of the ALJ's decision, and the Appeals Counsel denied her request. Notwithstanding, the parties appear to be in agreement that the ALJ's decision is the final decision of the Commissioner. Therefore, the Court will review the decision of the ALJ and the evidence that was in the administrative record when the ALJ rendered the decision.

### The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II

Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Hendrix's claim at the fifth step.

   A. Non-Acceptable Medical Sources

Hendrix first challenges the ALJ's residual functional capacity finding at step four. She argues that the ALJ's finding cannot be supported by substantial evidence because the ALJ improperly failed to assign controlling weight to the opinion of her treating medical providers in violation of social security regulations. (DN 17 PageID # 3762). Specifically, Hendrix argues that the ALJ erroneously assigned little weight to the opinions of Ms. Donna Welborn, APRN and Marilyn Thomas, APRN (David Brown, a social worker, concurred with Ms. Thomas' opinion). Hendrix acknowledges the opinions are not from sources the social security regulations consider "acceptable medical sources" but insists they should have been assigned more weight.

The Commissioner argues that because the contested opinions are not from acceptable medical sources they are not entitled to controlling weight. She adds that the ALJ appropriately provided sufficient reasons for assigning the opinions little weight and her opinion is supported by substantial evidence (DN 22 PageID # 3785).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 416.927(c) and 416.929; Social Security Ruling 96-7p.

While opinions from treating and examining sources are considered on the issue of residual

functional capacity, the ALJ is responsible for making that determination. 20 C.F.R. § 416.927(e); Social Security Ruling 96-5p, 1996 WL 374183, at *4-5.

An administrative law judge must consider all the relevant evidence in the record when making a determination of disability. 20 C.F.R § 416.927(b). For applications filed prior to April 1, 2017, the term "*medical sources*" refers to "acceptable medical sources, *or* other health care providers who are not acceptable medical sources." 20 C.F.R. § 416.902 (emphasis added). Only acceptable medical sources can offer medical opinions that can be afforded controlling weight. SSR 06-03p. However, other sources may still provide valuable information and may be used to show "the severity of [an] impairment and how it affects [a claimant's] ability to work." 20 C.F.R. §§ 404 1513(d), 416.913(d). Ms. Welborn and Ms. Thomas are nurses, which are not acceptable medical sources under the regulations.

Opinions from non-acceptable medical sources are not entitled to any particular weight or deference. An administrative law judge has discretion to assign these opinions any appropriate weight based on the evidence of records. Noto v. Commr. Of Soc. Sec., 632 Fed. Appx. 243, 248-49 (6th Cir. 2015). However, an opinion from an "other source" may be granted more weight than an opinion from an acceptable medical source if the source "has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole." SSR 06-03p (citing 20 C.F.R. § 416.927. Administrative law judges should use the factors[1] to evaluate other sources as

---

[1] Those factors are: 1) the length of the treating relationship; 2) the nature and extent of the treatment relationship; 3) supportability; 4) consistency with the rest of the medical record; 5) the sources specialization; 6) and other factors evident in the record. 20 C.F.R. 404.1527(c)(1)-(6).

7

they do to evaluate the opinions of acceptable medical sources.  SSR 06-03p.  The Commissioner contends that SSR 06-03p should not apply because the opinion has been rescinded (PageID # 3786).  But, the rescission is effective only as to claims filed on or after March 27, 2017.  Hendrix filed her application on December 27, 2011.  Therefore, SSR 06-03p is applicable.

Here, the ALJ assigned "little weight" to Ms. Welborn's and Ms. Thomas' opinions (Tr. 907).  The ALJ noted that Ms. Welborn is not an acceptable source, and articulated reasons why her opinion was given little weight (Tr. 907).  The ALJ considered Ms. Welborn's opinion that Hendrix was essentially "bedridden" to be too extreme when considered alongside the rest of the medical evidence (Tr. 907).  Regarding Ms. Thomas' opinion, the ALJ noted that the opinion was temporally limited to a particularly bad time for Hendrix's condition.  Substantial portions of the record indicate Hendrix's condition was improving and she is capable of maintaining activities and sustaining relationships with friends and family—contradicting Thomas' opinion that Hendrix is disabled (Tr. 907-08).

Because Ms. Welborn and Ms. Thomas are not acceptable medical sources, the ALJ has broad discretion when assigning weight to their opinions.  Hendrix counters the ALJ's assignment of little weight by pointing to evidence in the opinions, and other evidence in the record, that supports a conclusion that Hendrix is in fact disabled.  However, this misinterprets the standard of review that binds this Court.  This Court may not overturn an ALJ's decision if that decision is supported by substantial evidence.  That is true even if substantial evidence supports the opposite conclusion.  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993).  The ALJ's reasoning for assigning

8

little weight to the opinions of Ms. Welborn and Ms. Thomas, both non-acceptable medical sources, was supported by substantial evidence. Therefore, this Court cannot overturn the decision.

B. State Agency Medical Consultants

Hendrix next argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ improperly weighed the opinions of non-examining state agency medical consultants ("SAMCs") (DN 17 PageID # 3766). Hendrix argues that the ALJ erred by assigning "some weight" to two unnamed state agency medical consultants (Tr. 907). The alleged error stems from the date of the SAMC opinions, which were issued in 2012. Hendrix takes issue with the ALJ affording these opinions more weight than "treating providers." However, as discussed above those sources are not acceptable medical sources under social security regulations.

The Commissioner argues the ALJ's decision to assign some weight to the SAMC decisions was "reasonable" and supported by substantial evidence. First, the Commissioner argues that the error is harmless or the issue undeveloped because Hendrix does not present any piece "of post-opinion evidence that would have changed the state agency medical source opinions." In the alternative, the Commissioner argues that the ALJ committed no error because the ALJ ultimately adopted a more restrictive RFC than recommended by the SAMC and the ALJ considered separate medical evidence post-dating the opinion (PageID # 3789-94).

First, the undersigned will address the Commissioner's argument that the error was harmless and/or undeveloped. The Commissioner improperly conflates these two distinct arguments and presents both in a mere three sentences. (PageID # 3789). Neither is successful. If the ALJ failed to consider five years of medical records without reviewing medical evidence as

9

Hendrix suggests, the Court could not engage in a "meaningful review" of the ALJ's decision, meaning the error would be harmful.

The Commissioner's claim that the argument is undeveloped because Hendrix does not point to specific post-opinion evidence that would have changed the outcome of the case also fails. Hendrix argues the ALJ "had a duty to develop a complete record…recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing (DN 17 PageID # 3767 *citing* Deskin v. Comm'r of Soc. Sec., 605 F. Supp. 2d 908, 910 (N.D. Ohio 2008). Whether Hendrix is correct is immaterial to the issue of waiver. She has developed her argument fully and the Court will address it.

As a general matter, the opinion of an examining physician is entitled to less weight than the opinion of a treating physician, and the opinion of a non-examining state agency physician is entitled to the least weight of all. 20 C.F.R. § 416.927(c)(1), (c)(2), and (e); Social Security Ruling 96-6p. In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Social Security Ruling 96-6p, 1996 WL 374180, at *2 (July 2, 1996).

The regulations provide that "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 416.927(e)(2)(i). Under certain circumstances the opinions of non-examining State agency medical or psychological consultants may be given greater weight than the opinions of treating or examining sources. Social Security Ruling 96-6p, 1996 WL 374180, at *3 (July 2, 1996). When a non-examining source has not reviewed a significant portion of the record, and the Administrative Law Judge fails to indicate that he has "at least considered [that]

fact before giving greater weight" to the reviewing doctor's opinion, the decision cannot stand. Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009). But when the opinions of non-examining State agency medical/psychological advisors are consistent with the record, those opinions represent substantial evidence to support the Administrative Law Judge's decision. 20 C.F.R. § 416.927(e)(2); Social Security Ruling 96-6p, 1996 WL 374180, at *2, 3; Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989).

Notably, the only opinions from sources in the record with a treating relationship with Hendrix were from non-acceptable medical sources. The ALJ did not assign controlling weight to any medical opinion but assigned "some weight" to two SAMC opinions (Tr. 906). Hendrix argues that this assignment of weight is improper because the SAMC's in question last examined Hendrix's medical record in 2012, approximately five years before the ALJ's opinion was issued (DN 17 PageID # 3767-68 *citing* Tr. 84, 100). In support of her argument, Hendrix cites Deskin v. Comm'r of Soc. Sec., 605 F. Supp. 2d 908, 910 (N.D. Ohio 2008). But, Deskin is distinguishable from the present case. Crucially, only one medical opinion was present in the Deskin record. That opinion was prepared by a state agency reviewing physician without the benefit of at least two years of the claimant's medical records. Deskin, 605 F. supp at 910.

Hendrix also cites Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009) and Miller v. Comm'r of Soc Sec., 811 F. 3d 825, 834 (6th Cir. 2016). However, these cases are inapposite because they address whether the ALJ improperly assigned more weight to a SAMC over a treating physician. Hendrix attempts to portray the opinions of Ms. Welborn and Ms. Thomas as a treating source opinions. But, the discussion above makes clear they were properly discounted as non-acceptable medical sources by the ALJ.

11

Here, the ALJ did not assign any of the medical opinions controlling weight. She explained in sufficient detail why she assigned partial or little weight to each opinion. Notably, the ALJ acknowledged that the SAMC opinions, which were assigned the most weight, were made without post 2012 medical records (Tr. 906). An ALJ may rely on a state agency physician's opinion if the ALJ considers any medical evidence post-dating the state agency physician's opinion. Kelly v Comm'r of Soc Sec., 314 F. App'x 827, 831 (6th Cir. 2009). That is precisely what happened here. The ALJ fully considered medical evidence submitted after the SAMC opinions and explained the weight assigned to them. The ALJ discussed the 2016 opinion of Donna Welborn, APRN and the 2014 opinion of Marilyn Thomas and David Brown. Both opinions were ultimately assigned little weight due to inconsistencies with other medical evidence in the record (Tr. 906-08). But the ALJ is only required to request additional evidence when she lacks enough evidence to make a determination. An Administrative Law Judge has broad discretion to determine whether further evidence is necessary. See 20 C.F.R. §416.917. This does not remove the claimant's burden to provide sufficient medical evident to support her claim. See Jones v. Comm'r of Soc Sec., 336 F. 3d 469, 474 (6th Cir. 2003)). Here, the ALJ properly analyzed all the available evidence in the record, Hendrix's reported activities of daily living and her conservative treatment regimen (Tr. 900-08). This analysis caused the ALJ to make an RFC finding that was more restrictive than the RFC recommended by the SAMCs Hendrix challenges. The ALJ's RFC finding was supported by substantial evidence, therefore this Court can not disturb that finding.

C. ALJ selectively ignored portions of the record

Hendrix's final argument is that the ALJ impermissibly ignored pertinent portions of the record when making her decisions. She accuses the ALJ of "picking and choosing" evidence in

the record that produced a favorable outcome for the Commissioner (DN 17 PageID # 3769). Hendrix takes particular issue with the ALJ "rejecting" the opinions of Ms. Welborn and Ms. Thomas and focusing on events of Hendrix's daily living. The Commissioner responds arguing the ALJ considered the entire record to reach her findings (DN 22 Page ID # 3795).

Hendrix is correct that an ALJ may not pick and choose portions of a single report, relying on some and ignoring others, without offering some rationale for his decision. Young v. Comm'r of Soc. Sec., 351 F. Supp. 2d 655, 649 (E.D. Mich. 2004). Nor may an ALJ pick and choose evidence in the record, relying on some and ignoring others, without offering some rationale for his decision. Tracy v. Comm'r of Soc. Sec., No. 2:14-CV-1603, 2015 WL 4399857 at *6 (S.D. Ohio 2015). However, that is not what happened here. Contrary to Hendrix's assertions, the ALJ did not ignore evidence from Ms. Welborn and Ms. Thomas—non-acceptable medical sources. The ALJ acknowledged that the opinions were from non-acceptable medical sources but proceeded to evaluate them with the rest of the medical evidence (Tr. 907). She assigned the opinions little weight primarily because they contradicted other objective medical evidence and recommended extreme limitations. Ms. Welborn's opinion suggested Hendrix would be permanently bedridden (Tr. 907). Ms. Thomas' opinion was based primarily on a temporal period involving Hendrix's substance abuse and family stressors. Other records outside this time report improvement of her conditions (Tr. 907-08).

The ALJ's opinion indicates that she fully considered all the evidence in the record. She weighed all the medical opinions in the record and provided adequate explanation for the weight assigned to each opinion. Again contrary to Hendrix's assertions, the ALJ did not solely rely on isolated events in the record. She consulted radiologic imaging regarding Hendrix's disc and joint

13

disease and radiographs of her left knee (Tr. 903-04).  The ALJ discussed straight leg testing, pain management, and injection therapy reports, and MRI imagining (Tr. 905).  The ALJ also fully considered all the medical evidence in the record concerning Hendrix's mental health complaints. Hendrix argument is without merit and unsupported by the record.  The ALJ supported her RFC finding with substantial evidence and complied with applicable law.  This Court will not overturn her decision.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Judgment is entered for the Commissioner, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

*[signature: H. Brent Brennenstuhl]*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

April 1, 2019

Copies:		Counsel